LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (State Bar No. 215888)
433 North Camden Drive, Suite 600
Beverly Hills, CA 90210
Telephone:  310.887.1440
Facsimile:   310.496.1420

Attorneys for Plaintiff
JELANI C. CUNNINGHAM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JELANI C. CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BURNS NATIONAL, LLC, a Michigan limited liability company; MOTIONS REPOSSESSORS, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 17-cv-754<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>3. **VIOLATIONS OF THE COLLATERAL RECOVERY ACT;**<br>4. **CONVERSION; AND**<br>5. **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Jelani C. Cunningham complains and alleges on information and belief against defendants Burns National, LLC, Motion Repossessors, Inc. and Does 1 through 10, inclusive, as follows:

**JURISDCTION AND VENUE**

1.　The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Central District in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District, and defendants are subject to the Court's personal jurisdiction in this District.

## **PARTIES**

3. Plaintiff is a natural person residing in Los Angeles County, California.

4. Defendant Burns National is a Michigan limited liability company with its principal place of business in Hudsonville, Michigan. At all times relevant, Burns National has been a repossession agency within the meaning of Business & Professions Code § 7500.2, in that it has engaged in business or accepted employment to locate or recover collateral in California, for consideration. At all times relevant, Burns National has been prohibited from such activities pursuant to Business & Professions Code § 7502, because it is not licensed as a repossession agency in California. Burns National does regular and continuous business in California, but it is not registered with the California Secretary of State.

5. Defendant Motion Repossessors is a California corporation with its principal place of business in Granada Hills, California. At all times relevant, Motion Repossessors, for consideration, has engaged in business or accepted employment to locate or recover collateral, whether voluntarily or involuntarily, including, but not limited to, collateral registered under the provisions of the California Vehicle Code which is subject to a security agreement.

6. Plaintiff does not know the true names, identities, and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of defendants sued herein as Does 1 through 10, inclusive, when plaintiff discovers such information.

7. At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

**OPERATIVE FACTS**

8.     Plaintiff purchased a 2015 Kia Optima for personal, family or household purposes from a car dealership in Carson, California, pursuant to a retail installment sale contract. The dealership assigned the contract to Flagship Credit Acceptance, LLC, which hired Defendant Burns National, as an independent contractor, to locate and/or repossess plaintiff's vehicle. Burns National was not, and is not, a licensed repossession agency in California. Burns National, in turn, hired Defendant Motion Repossessors, a California repossession agency, as its agent to conduct the physical taking of plaintiff's vehicle at the location and in accordance with the instructions provided by Burns National. Flagship had no dealings with Motion Repossessors. The entire repossession process was controlled by Burns National.

9.     On or about February 3, 2016, defendant Motion Repossessors repossessed plaintiff's vehicle by entering private property which was secured by a locked gate and fence, without permission. Accordingly, Motion Repossessors breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

10.    Plaintiff paid $1,590 to Flagship to reinstate his contract and obtain possession of the vehicle, a portion of which Flagship paid to Burns National. Burns National then paid a portion of the fee it received from Flagship to Motion Repossessors. Burns National retained as profit part of the repossession fees it received from Flagship, which it was not permitted to do as an unlicensed repossession agency in California.

11.    Burns National's unlawful conduct with respect to plaintiff is but one example of its illegal business practices in California. Burns National has orchestrated, managed and profited, and continues to orchestrate, manage and profit, from the repossessions of scores of vehicles in California, without ever obtaining a California repossession license. Plaintiff thus brings this case, in part, as a class

action, to obtain disgorgement of the unlawful gains which Burns National has acquired through its unfair competition.

## CLASS ALLEGATIONS

12. Pursuant to applicable law, plaintiff brings this action on behalf of a class of all other persons similarly situated. Plaintiff brings this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

13. In the last four years, Burns National and the Doe Defendants have engaged in a pattern and practice of acting as a repossession agency in connection with California repossessions, without having obtained a California repossession agency license. Defendants have engaged in business and systematically accepted employment to locate and/or recover collateral in California, pursuant to written agreements with secured creditors under security agreements. In connection with their employment, defendants have, among other things, located (through skip-tracing and other means available to defendants) collateral in California, and defendants have hired local repossession agencies as their agents to recover collateral on defendants' behalf at the location(s) provided by defendants. Defendants have engaged in these activities for consideration, and such consideration is an illegal profit which must be disgorged.

14. The proposed class ("Class") consists of all persons (1) whose vehicle served as collateral under a security agreement entered into primarily for personal, family, or household purposes; and (2) whose vehicle was repossessed in California by Burns National and/or any entity hired by Burns National to conduct the repossession, in the four years preceding the filing of this action.

15. Plaintiff is unable to state the precise number of potential members of the proposed class because that information is in the possession of defendants. They are so numerous that joinder of all members would be impracticable. The exact size

4
COMPLAINT

of the proposed Class, and the identity of the members thereof, will be readily ascertainable from the business records of defendants.

16. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to them that predominate over questions affecting only individual members. These questions include whether defendants were acting as a repossession agency within the meaning of the Collateral Recovery Act, in connection with Class members' vehicles, without the required license. Proof of a common set of facts will establish the liability of defendants, and the right of each Class member to recover.

17. Plaintiff's claims are typical of those of the Class, and he will fairly and adequately represent the interests of the Class. Plaintiff is represented by counsel both competent and experienced in consumer protection and class action litigation.

18. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual Class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for Class members to seek redress individually. The prosecution of separate actions by the individual Class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual Class members against defendants, and would establish incompatible standards of conduct for defendants.

## FIRST CLAIM FOR RELIEF

**(By Plaintiff, Individually and on behalf of the Class, Against Burns National and the Doe Defendants for Violations of the Fair Debt Collection Practices Act)**

19. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

20. Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to

marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

21. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

22. Defendants violated 15 U.S.C. § 1692f(6)(A) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

23. Defendants had no present right to take any action to repossess plaintiff's or other Class members' vehicles, including hiring local licensed repossessors, or entering into contracts with Flagship or other secured creditors, because they are unlicensed repossession agencies. Bus. & Prof. Code §§ 7500.2, 7502.

24. Plaintiff and Class members are entitled to recover any actual damages they have sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

25. Plaintiff and the Class are entitled to recover statutory damages of $500,000 or 1% of the net worth of defendants, whichever is less, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

26. Plaintiff is entitled to recover his costs in this action and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

27. Plaintiff seeks treble damages against defendants, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

**(By Plaintiff, Individually, Against Motion Repossessors and the Doe Defendants for Violations of the FDCPA)**

28. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

29. Defendants are "debt collectors", as defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

30. Defendants violated 15 U.S.C. § 1692f(6)(A) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

31. Defendants had no present right to repossess plaintiff's vehicle because they breached the peace by entering secured and gated private property to do so, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

32. Plaintiff is entitled to recover any actual damages he has sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

33. Plaintiff is entitled to recover $1,000 in statutory damages against defendants, pursuant to 15 U.S.C. § 1692k. Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with

the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

34. Plaintiff is entitled to recover his costs in this action and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**(By Plaintiff, Individually and on behalf of the Class, Against Burns National and the Doe Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act)**

35. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

36. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Civ. Code §§ 1788, et seq., to ensure the integrity of our banking and credit industry. Id., § 1788.1(b).

37. Plaintiff and the Class members are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Id., § 1788.2(d).

38. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

39. Civil Code § 1788.17 provides that debt collectors subject to the Rosenthal Act collecting or attempting to collect a consumer debt must comply with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the FDCPA. Section 1788.17 further provides that debt collectors subject to the Rosenthal FDCPA are subject to the remedies in § 1692k of the FDCPA.

40. By violating the provisions of 15 U.S.C. § 1692f(6)(A), defendants violated the Rosenthal Act, at Civil Code § 1788.17.

41. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff and the Class have been damaged in amounts which are subject to proof. Plaintiff and Class members are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

42. Plaintiff and the Class are entitled to recover statutory damages of $500,000 or 1% of the net worth of Burns National, whichever is less, pursuant to Civil Code § 1788.17 and 15 U.S.C. § 1692k. Burns National and the Doe defendants have frequently and persistently failed to comply with the Rosenthal Act, and have violated the Rosenthal Act intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

43. Plaintiff is entitled to recover his costs in this action and reasonable attorney's fees, pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

44. Plaintiff seeks treble damages against defendants pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

**(By Plaintiff, Individually, Against Motion Repossessors and the Doe Defendants for Violations of the Rosenthal Act)**

45. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

46. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

47. By violating the provisions of 15 U.S.C. § 1692f(6)(A), Defendant Motion Repossessors and the Doe Defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17.

48. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

49. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per Defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

50. Plaintiff is entitled to recover his costs in this action and reasonable attorney's fees, pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

**(By Plaintiff, Individually and on behalf of the Class and the General Public, Against Burns National and the Doe Defendants for Violations of the Collateral Recovery Act, Bus. & Prof. Code § 7502.6)**

51. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

52. Defendants are repossession agencies within the meaning of Business & Professions Code § 7500.2, in that they engage in business and/or accept employment to locate or recover collateral, for consideration. They are prohibited from these activities pursuant to Business & Professions Code § 7502 because they are not licensed as repossession agencies in California.

53. Business & Professions Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed repossessor to recover civil fines of $10,000. Plaintiff seeks such civil fines of $10,000 against defendants.

54. Plaintiff seeks recovery of treble damages and his reasonable attorney's fees and costs against defendants, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## SIXTH CLAIM FOR RELIEF

**(By Plaintiff, Individually, Against Motion Repossessors and the Doe Defendants for Conversion)**

55. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

56. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants.

57. Defendants wrongfully deprived plaintiff of possession of his vehicle by repossessing it without any present right to do so.

58. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

59. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling him to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

## SEVENTH CLAIM FOR RELIEF

**(By Plaintiff, Individually and on behalf of the Class, Against Burns National and the Doe Defendants for Violations of California's Unfair Competition Law, Bus. & Prof. Code § 17200)**

60. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

61. Plaintiff files this cause of action as a class action to challenge and to remedy Defendant's business practices. Business and Professions Code § 17200, et seq. ("UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution to affected members of the general public as remedies for any violations of the UCL.

62. Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, Defendants have committed, and continue to commit, acts of unfair competition.

63. Defendants' business acts and practices as alleged herein constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the FDCPA, the Rosenthal Act and the Collateral Recovery Act.

12
COMPLAINT

64. Defendants' business acts and practices as alleged herein constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

65. Defendants' business acts and practices as alleged herein constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

66. As a direct and proximate result of defendants' business acts and practices alleged herein, defendants have received and collected substantial monies that they are not entitled to.

67. Plaintiff has suffered injury in fact and has lost money or property as a result of the unlawful, defendants' unfair and fraudulent acts and practices.

68. Pursuant to Business and Professions Code § 17203, plaintiff seeks an order that defendants provide appropriate restitution and disgorgement of illicit profits.

69. Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery of his attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For treble damages pursuant to Code of Civil Procedure § 1029.8;
3. For statutory damages;
4. For civil penalties;
5. For punitive damages;

6. For restitution and disgorgement of illicit gains;

7. For pre-judgment interest to the extent permitted by law;

8. For an award of his attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

9. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: January 31, 2017      Respectfully submitted,

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By:   /s/
     Brandon Block

Attorneys for Plaintiff
JELANI C. CUNNINGHAM